<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MICHAEL MARRARA,<br><br>     *Petitioner*,<br><br>    v.<br><br>ROBERT CHETIRKIN, *et al.*,<br><br>     *Respondents*. | Civil Action No. 25-cv-6707<br><br>**OPINION**<br><br>May 6, 2026 |

**SEMPER**, District Judge

  **THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Michael Marrara.  (ECF No. 1.)  The Court conducts its preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons that follow, the Petition is **DISMISSED WITHOUT PREJUDICE** as a mixed petition, and Petitioner's request for a stay is **DENIED**.

 **I.**  **BACKGROUND**

  Petitioner is confined at East Jersey State Prison pursuant to a judgment of conviction entered by the Superior Court of New Jersey, Bergen County, on June 29, 2018.  (ECF No. 1 at 2–3.)  Following a jury trial, Petitioner was convicted of multiple offenses, including aggravated manslaughter, and sentenced to an aggregate twenty-seven-year term of imprisonment with seventeen years of parole ineligibility.  (*Id*.)

  Petitioner filed a direct appeal to the Superior Court of New Jersey, Appellate Division, which affirmed his conviction on November 10, 2022.  (*Id*. at 3.)  The Supreme Court of New

Jersey denied certification on February 7, 2023. (*Id*.) Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court. (*Id*. at 4.)

On April 21, 2023, Petitioner filed a petition for post-conviction relief ("PCR") in state court, which remains pending following transfer to Passaic County. (*Id*. at 4–5, 13.) Petitioner asserts nine grounds for relief in the instant Petition. Grounds One through Four were raised on direct appeal and are asserted to be exhausted, while Grounds Five through Nine are currently being litigated in the pending PCR proceedings. (*Id*. at 13.)

Petitioner acknowledges the presence of unexhausted claims and seeks a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (*Id*. at 16.)

## II.    LEGAL STANDARD

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court must dismiss a habeas petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

A federal court may not grant habeas relief unless the petitioner has exhausted the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner "fairly present" each federal claim to the highest state court capable of reviewing it, thereby affording the state courts a full opportunity to resolve federal constitutional issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners must invoke "one complete round of the State's established appellate review process").

A petition containing both exhausted and unexhausted claims—a "mixed petition"—must be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (requiring dismissal of mixed petitions to promote comity and finality). The United States Court of Appeals for the Third Circuit has consistently applied this rule. *See Crews v. Horn*, 360 F.3d 146, 151–52 (3d Cir. 2004)

(recognizing dismissal or stay as the appropriate procedural responses to mixed petitions).

In limited circumstances, a district court may stay a mixed petition and hold it in abeyance while the petitioner exhausts state remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). A stay is appropriate only where the petitioner demonstrates: (1) good cause for the failure to exhaust; (2) that the unexhausted claims are potentially meritorious; and (3) the absence of intentionally dilatory litigation tactics. *Id*. The Third Circuit has emphasized that stay-and-abeyance is an extraordinary remedy to be applied sparingly. *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009).

### III.    DISCUSSION

#### a.  Mixed Petition

The Petition expressly acknowledges that Grounds Five through Nine are currently pending in Petitioner's state PCR proceedings and have not yet been presented to the highest state court. (ECF No. 1 at 13.)  Accordingly, the Petition is a mixed petition.

Under *Rose v. Lundy*, 455 U.S. at 522, federal courts must dismiss mixed petitions without prejudice to permit exhaustion.  The Third Circuit has reaffirmed that principle, subject only to the narrow availability of stay-and-abeyance. *Crews*, 360 F.3d at 151–52.

Because state post-conviction proceedings remain ongoing, principles of federalism and comity strongly counsel against federal adjudication at this stage. *See O'Sullivan*, 526 U.S. at 844–45 (emphasizing the importance of allowing state courts the first opportunity to correct constitutional errors).

#### b.  Stay and Abeyance

Petitioner requests a stay pursuant to *Rhines*. (ECF No. 1 at 16.) The Court concludes that a stay is not warranted.

3

First, Petitioner has not demonstrated "good cause" for failing to exhaust Grounds Five through Nine prior to filing the federal Petition. The Petition reflects that these claims are actively being litigated in state PCR proceedings, and have not been omitted due to external impediments. The Supreme Court has made clear that routine procedural posture does not constitute good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (suggesting that reasonable confusion about timeliness might constitute good cause, but not mere strategic filing). Second, Petitioner has not made a particularized showing that the unexhausted claims are potentially meritorious, as required by *Rhines*, 544 U.S. at 277.

Third, while there is no indication of intentionally dilatory tactics, the absence of the first two factors is sufficient to deny a stay. The Third Circuit has cautioned that stays should be granted only in limited circumstances so as not to undermine AEDPA's twin purposes of reducing delay and promoting finality. *Heleva*, 581 F.3d at 192. Accordingly, the Court denies Petitioner's request for a stay.

### c. Timeliness

The Court notes that Petitioner asserts statutory tolling under 28 U.S.C. § 2244(d)(2) based on the pendency of his PCR proceedings. (ECF No. 1 at 14–15.) A "properly filed" state post-conviction petition tolls the federal limitations period during its pendency. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000) (holding that the statute of limitations is tolled during the time a properly filed PCR petition is pending, including the time for appeal).

Because the Court dismisses the Petition without prejudice, it does not reach a definitive timeliness determination. Petitioner remains responsible for ensuring compliance with AEDPA's statute of limitations upon refiling.

### IV.   **<u>CONCLUSION</u>**

5

For the foregoing reasons, the Petition is **DISMISSED WITHOUT PREJUDICE** as a mixed petition, and the request for a stay is **DENIED**.

An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

5